[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13787
Non-Argument Calendar

_____

D.C. Docket No. 2:14-cr-00005-WCO-JCF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO GARCIA,

Defendant-Appellant.

_____

No. 14-13790
Non-Argument Calendar

_____

D.C. Docket No.  2:09-cr-00060-WCO-JCF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO GARCIA,
a.k.a. Isaac Delafuente,

                                                    Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(July 15, 2015)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Mario Garcia, a citizen of El Salvador, appeals the sentences imposed by the district court for his 2014 conviction for illegal reentry, in violation of 8 U.S.C. § 1326(a), and his supervised-release violations related to his 2009 conviction for illegal reentry. The court imposed a 24-month sentence for the 2014 conviction and a 12-month consecutive sentence for the supervised-release violations, yielding a total prison term of 36 months. Garcia asserts his sentences are substantively unreasonable.

"Review for substantive reasonableness involves an inquiry into whether the factors in 18 U.S.C. § 3553(a) support the challenged sentence." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). "The weight to be accorded any given § 3553(a) factor is generally a matter committed to the sound discretion of the district court." *Id.* These factors include, *inter alia*, the history and

2

characteristics of the defendant and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment,[1] and provide adequate deterrence.   18 U.S.C. § 3553(a). We will not reverse unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).

Garcia has not met his burden of demonstrating the 36-month total prison term imposed by the district court, 12 months of which are attributable to his breach of trust on his 2009 supervised release, was substantively unreasonable. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (stating the party challenging the sentence has the burden of establishing its unreasonableness). While Garcia maintains his poor health and his role as a provider for his mother militated in favor of a shorter total prison term, the record shows the district court took those factors into consideration in fashioning its sentences.  However, the court considered the need for deterrence, both specific and general, to be a particularly important factor in this case.  Garcia has not shown the court overemphasized the need for deterrence.  His criminal history, which includes a

---

[1]  While promoting respect for the law and providing just punishment for the offense are not listed as factors to be considered in sentencing upon a revocation of supervised release, because Garcia also was being sentenced for illegal re-entry, the district court discussed those factors.   18 U.S.C. § 3583(e).  We note Garcia does not assert those factors were improperly considered.

prior illegal-reentry offense, supports the court's assignment of significant weight to this factor. The court also noted it considered the need for punishment and the need to protect the public from future crimes Garcia may commit. Garcia has not shown the court's assignment of weight to these factors was erroneous.

In addition, both sentences were within the applicable guideline ranges and below the applicable statutory maximum penalties. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (explaining we ordinarily expect a within-guideline sentence to be reasonable and stating the fact a sentence is below the statutory maximum also supports a conclusion it is reasonable). Accordingly, Garcia has not shown that the district court abused its discretion in imposing sentences totaling 36 months. *See Peugh v. United States*, 133 S. Ct. 2072, 2080 (2013) (reviewing the reasonableness of a defendant's sentence under an abuse-of-discretion standard); *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006) (stating supervised-release revocation sentences also are reviewed for reasonableness).

Garcia's sentences are therefore **AFFIRMED**.

4